IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER ) | CIVIL NO. 10-00650 SOM/RLP |
| ) | |
| of ) | ORDER DISMISSING CASE FOR |
| ) | LACK OF SUBJECT MATTER |
| THE COMPLAINT OF PACIFIC ) | JURISDICTION |
| WHALE FOUNDATION and SEA ) | |
| SPORT CRUISES, INC., ) | |
| as owners of the M/V OCEAN ) | |
| ODYSSEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| For the Exoneration from or ) | |
| Limitation of Liability. ) | |

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

I.   INTRODUCTION.

On November 8, 2010, Plaintiffs Pacific Whale Foundation and Sea Sport Cruises, Inc., as owners of the M/V Ocean Odyssey (hereafter referred to as "Pacific Whale"), filed a "Complaint for Exoneration from or Limitation of Liability." Compl., ECF No. 1. Pacific Whale brings this action under 28 U.S.C. § 1333, the admiralty and maritime jurisdiction statute. See Compl. ¶ 2. On January 24, 2011, this court issued an "Order to Show Cause Why Case Should Not Be Dismissed for Lack of Admiralty Jurisdiction." ECF No. 14. Pursuant to Local Rule 7.2(d), this court finds this matter suitable for disposition without a hearing. The court dismisses Pacific Whale's Complaint for lack of subject matter jurisdiction over the case.

II.     FACTUAL BACKGROUND.

This jurisdictional issue was before this court in an earlier, related action. On April 21, 2010, Catamaran Holdings, LLC, and Marine Charters, Inc., the owners of the M/V <u>Pride of Maui</u>, filed a Complaint for the Exoneration from or Limitation of Liability. On November 22, 2010, this court dismissed the Complaint for lack of federal admiralty jurisdiction over the case. <u>See</u> <u>In the Matter of the Complaint of Catamaran Holdings, LLC</u>, Civil No. 10-00230 SOM/KSC, 2010 WL 4823209 (D. Haw. Nov. 22, 2010); ECF No. 14, Ex. A. The factual and procedural background of the present case was set forth in the previous order. <u>See</u> <u>id.</u> Those facts are incorporated herein by reference. The court repeats the background facts only as necessary for a decision on the Order to Show Cause, in the discussion section below.

This action involves a motor vehicle accident that occurred on or about April 9, 2009, in the Ma'alaea Harbor, Maui, Hawaii. <u>See</u> Compl. ¶ 6. On the date of the incident, Mildred and Bruce Winham were making their way on foot along the harbor parking lot to board the M/V <u>Ocean Odyssey</u>, a passenger excursion vessel operated by Pacific Whale. <u>See</u> <u>id.</u> A Catamaran Holdings employee hit Mildred Winham with his car in the parking lot. <u>See</u> <u>id.</u> In its earlier order in the related case, this court concluded that the employee was not acting in the service of a

vessel at the time.  See Catamaran Holdings, at *5-6.  This court distinguished cases in which land-based events were found to be governed by admiralty law, noting that in those cases the land-based events had flowed from activities (e.g., the drinking of alcohol) occurring aboard vessels or on water.  See id.  at *4.  That was not the situation before the court in the related case and is not the situation now at hand.

Before the incident, Bruce Winham had allegedly signed a waiver form that reads in relevant part:

> I do hereby acknowledge that boating and snorkeling have inherent risks and dangers including but not limited to risks associated with perils of the sea, inclement weather and sea conditions and equipment failure, and I specifically assume such risks.  I further understand that these risks can lead to serious injury, paralysis or even death.
>
> I acknowledge that I am physically and mentally capable of participating successfully in boating and/or snorkeling, that I am not under the influence of drugs or alcohol, and if I am taking medications or have health conditions, I affirm that I have seen a physician, and have approval to participate in these activities.
>
> . . . .
>
> By signing this document I release my rights, and my heirs rights, to sue Pacific Whale Foundation Eco Adventures . . . for personal injuries or wrongful death that may occur during the forthcoming activities as a result of the inherent risks or as a result of negligence; as all activities are at my own risk.  I also agree to defend, indemnify and hold harmless the Releasees from any loss, liability, damage or cost they may incur arising out of or related to my/our participation in the activities listed above.

See ECF No. 21, Ex. 3.[1] The document appears to be dated April 2, 2009, one week before the incident occurred. Although Bruce Winham listed the names and ages of the three other people in his party, he was the only person who signed the waiver.

On November 8, 2010, Pacific Whale filed three relevant documents: (1) a "Complaint for Exoneration from or Limitation of Liability," ECF No. 1, (2) a proposed "Order Acknowledging Compliance with Rule F(1) and F(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions," ECF No. 9, and (3) a proposed "Order Directing Issuance of Notice, Publication Thereof, and Injunction," ECF No. 10. As Pacific Whale's Complaint involved the same incident as the Catamaran Holdings case, this court issued an "Order to Show Cause Why Case Should Not Be Dismissed for Lack of Admiralty Jurisdiction." ECF No. 14. On February 22, 2011, Pacific Whale filed a response to the court order. See "Response," ECF No. 21.

The parties currently have a parallel proceeding in the Circuit Court of the Second Circuit, State of Hawaii. The lawsuit, Mildred Winham and Bruce Winham v. Larry Doty, et al., Case No. 09-1-0344(1), is tort case for damages allegedly sustained as a result the incident. See Compl. ¶ 11. Mildred

---

[1] While the Winhams do not appear to dispute the authenticity or admissibility of Pacific Whale's exhibits, they note that the these exhibits are not supported by affidavits or declarations made under penalty of perjury authenticating these materials. See Fed. R. Evid. 901; Local Rule 7.6.

Winham alleges serious injuries to, among other things, her leg, foot, and shoulders. Catamaran Holdings, at *1. Bruce Winham, Mildred Winham's spouse, alleges mental and other injuries as a result of the incident. See id.

III.     STANDARD OF REVIEW.

Pacific Whale has filed its Complaint under the Limitation of Liability Act ("LOLA"), which provides that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight." See 46 U.S.C. § 30505(a). The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability. 46 U.S.C. § 30511(a). However, a court exercising jurisdiction over a complaint filed under LOLA must have independent admiralty jurisdiction over the underlying claim against the shipowner. See Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772-73 (9th Cir. 1995).

The United States Constitution grants original jurisdiction to federal courts to hear admiralty claims. See U.S. Const. art. III, § 2, cl. 1. This jurisdiction, codified at 28 U.S.C. § 1333(1), allows the filing of claims related to maritime torts and maritime contracts.

To be a maritime contract, the subject matter of the contract must be directly and intimately related to maritime service or maritime transactions; it is not enough that the

5

contract relate in some shoreside manner to maritime affairs. See, e.g., Exxon Corp. v. Cent. Gulf Lines, 500 U.S. 603, 611-12 (1991); Sentry Select Ins. Co. v. Royal Ins. Co. of Am., 481 F.3d 1208, 1217 (9th Cir. 2007); see also Simon v. Intercont'l Transp. (ICT) B.V., 882 F.2d 1435, 1441 (9th Cir. 1989). The true criterion is whether the contract's principal objective is maritime commerce. See Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24, 125 S. Ct. 385 (2004); ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 967 (9th Cir. 2010); Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663, 670-671 (9th Cir. 1997) ("a contract is maritime if it relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment.").

IV.     ANALYSIS.

Pacific Whale fails to allege any new facts that give this court jurisdiction over the case. Pacific Whale's Complaint alleges the same facts as those in Catamaran Holdings' Complaint. A Catamaran Holdings crewmember was driving a car in a boat harbor parking lot and allegedly hit Mildred Winham with his vehicle. See Compl. ¶ 6. As this court stated in its earlier order, this incident fails to satisfy the conditions of both location and connection with a maritime activity, which are required for federal admiralty jurisdiction. See ECF No. 14, Ex.

A.

Pacific Whale argues that its limitation petition does not rely on federal admiralty tort jurisdiction, but is based instead a waiver form that allegedly constitutes a maritime contract between Pacific Whale and Bruce Winham.  See Response at 2.  Pacific Whale argues that the waiver form confers admiralty jurisdiction over this dispute.  See id. at 4.  This court disagrees.

The fundamental problem with Pacific Whale's argument is that this dispute is not covered at all by the waiver.  The waiver expressly refers to "boating and snorkeling" and releases Pacific Whale from liability for "personal injuries or wrongful death that may occur during the forthcoming activities as a result of the inherent risks or as a result of negligence."  See ECF No. 21, Ex. 3.  The Winhams had not reached the boat and were not in any of Pacific Whale's offices or with any Pacific Whale agent at the time of the automobile accident.  In other words, the accident and Mildred Winham's injuries could not have been "forthcoming activities" as far as Pacific Whale was concerned.  The waiver continues with language by which Bruce Winham agreed to indemnify Pacific Whale with respect to damages arising out of "participation in the activities listed above."  Boating and snorkeling are the only listed activities.  See id.  In short, Bruce Winham signed a waiver relating to boating and snorkeling,

7

not to an automobile accident occurring on shore before the boating and snorkeling excursion began. The injury did not occur on navigable waters, and was not caused by a vessel on navigable waters. As this court has previously stated, "[t]he accident was not related to any particular activity aboard the vessel." Catamaran Holdings, at *5.

Nor can the automobile accident or Mildred Winham's injuries be said to have "arisen out of" boating or snorkeling. The relationship between the automobile accident and boating or snorkeling is far too attenuated to be a causal relationship. Indeed, the waiver refers to "perils of the sea," "inclement weather," "sea conditions," and "equipment failure" as activities relating to boating and snorkeling, never mentioning walking on shore toward the boat! See ECF No. 21, Ex. 3. The waiver simply does not "govern[] all aspects of the relationship between the parties," as Pacific Whale alleges. See id. The court reads the waiver as inapplicable to the automobile accident and to Mildred Winham's injuries, and as therefore not a basis on which this court may find jurisdiction.

Pacific Whale cites to three cases in support of the proposition that the waiver form does confer jurisdiction on this court. See Response at 4-5. None is relevant to the issue now before this court.

First, Pacific Whale relies on Wallis v. Princess

Cruises, Inc., 306 F.3d 827 (9th Cir. 2002). In that case, the Ninth Circuit stated that a cruise line passage contract was a maritime contract. Id. at 834. A maritime contract has maritime commerce as its principal objective. Norfolk S. Ry. Co., 543 U.S. at 25. Noting that maritime contracts are enforceable in federal court under 28 U.S.C. § 1333(1), Pacific Whale argues that the waiver form in issue in the present case is as much a maritime contract as the passage contract in Wallis. But if anything in Wallis is analogous to the present case, it is the conclusion that the contractual language purporting to limit liability was not read to mandate any limitation. In Wallis, a cruise ship passenger drowned after falling from the cruise ship, and his widow brought an action against the cruise line. Id. at 830. Thus, there was no question that the incident in question, unlike Mildred Winham's accident, occurred on water. Prior to boarding, each passenger in Wallis had been given a ticket passage containing ticket coupons and a "Passage Contract." Id. The ticket coupons and Passage Contract contained numerous warning headlines concerning the limitations of the carrier's liability. Id. The main issue in the case was whether the limitation of liability was reasonably communicated to the passenger. Id. at 834. The Ninth Circuit ultimately faulted the contract for not informing the passenger of the limitation of liability in a meaningful way and held that the limitation

9

provision on the back of the passenger ticket was unenforceable. Id. at 837-38.  The issue in the present case is not the meagerness of the notice in the waiver; instead, it is the total inapplicability of the waiver.

Pacific Whale also cites to Ostrowiecki v. Aggressor Fleet, Ltd., Civil Action Nos. 07-6598, 07-6931, 2008 WL 3874609 (E.D. La. Aug. 15, 2008).  This case involved a scuba diving expedition in which one of the divers disappeared during the dive and was never found again.  See id. at *1.  The booking agent for the scuba diving trip, relying on a Release Agreement, sought to limit its liability on tort claims brought by the decedent's wife and daughter.  See id. at *7.  The district court concluded that the Release Agreement was a maritime contract because the subject matter involved a commercial vessel "voyaging on navigable waters and providing diving services to its passengers for a fee."  Id. In terms of jurisdictional issues, this conclusion was redundant, as the court already had jurisdiction over the case under the Death on the High Seas Act ("DOHSA"), which allows a federal action when an individual dies on the high seas.  See 46 U.S.C. § 30302.  More importantly, the applicability of the Release Agreement flowed from the passenger's death during a scuba diving excursion.  That is, the incident in issue in that case undeniably related to water activities, unlike Mildred Winham's automobile accident.  It is therefore notable that the

Ostrowiecki decision stated that claims by the decedent's wife, such as claims for intentional and negligent infliction of emotional distress, did not fall under maritime law, as the decedent's wife had not executed the Release Agreement and had not boarded the vessel or been on navigable waters. See id. at *17. Similarly, Mildred Winham's incident did not occur on navigable waters, and it appears that the Winhams were never on navigable water in connection with the incident.

Lastly, Pacific Whale cites to Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663 (9th Cir. 1997). Aqua-Marine Constructors, which owned an oceangoing barge, entered into a bareboat charter agreement with Michael Banks. See Aqua-Marine, 110 F.3d at 666. The charter agreement obligated Banks to obtain a bond securing the payment of the charter hire and proper redelivery of the barge. See id. at 667. When Banks defaulted, Aqua-Marine demanded that the bonding company rescue the barge, redeliver the barge to Aqua-Marine, and pay Banks's charter hire arrearages. Id. The court held that the promise to perform a charter involved a duty uniquely maritime in character. The surety contract was thus a maritime contract. Id. at 671. In Aqua-Marine, the default in issue fell under the contract. That is not the case with Mildred Winham's accident and the waiver.

The reasoning in the authorities cited by Pacific Whale

does not support application of maritime law to the Winhams' claims. Absent such application, this court is without admiralty jurisdiction over this action.

V.      CONCLUSION.

For the foregoing reasons, the court dismisses the case for lack of admiralty jurisdiction. The Clerk of Court is directed to enter judgment against Plaintiffs and to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 24, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In the Matter of The Complaint of Pacific Whale Foundation, Civ. No. 10-00650 SOM/RLP; ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION.